IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2017 JAN 23 P 1: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| AMBER JERNIGAN and TAYLOR JERNIGAN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NUMBER: 2:17-CV-44-WHA ) |
| CITY OF MONTGOMERY, ALABAMA and OFFICER JEREMY BROWNING, | ) JURY DEMAND ) ) |
| Defendants. | ) ) |

## COMPLAINT

1. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. §§ 1343 and 1331. This action arises under the Fourth and Fourteenth Amendments to the U.S. Constitution and under the Civil Rights of 1871, 42 U.S.C. §§ 1983 and 1988.

## PARTIES

2. Plaintiffs venue is proper under 28 U.S.C. § 1391 that the Defendants and Plaintiffs resided and the cause of action arise in the Middle District of Alabama, Northern Division.

3. Amber Jernigan brings this action as the Plaintiff. Ms. Jernigan is an American female citizen of the State of Alabama and a resident of Montgomery County, Alabama.

4. Taylor Jernigan brings this action as the Plaintiff. Mr. Jernigan is an American male citizen of the State of Alabama and a resident of Montgomery County, Alabama.

5. The City of Montgomery, Alabama is a municipal corporation existing by virtue of the laws of the State of Alabama, and as a body corporate subject to suit in this court.

6. Officer Jeremy Browing is a police officer employed by the City of Montgomery and was so employed on January 23, 2016.

## FACTUAL ALLEGATIONS

7. The Plaintiff incorporates by reference, as if fully set out herein, paragraphs 1 through 3 above.

8. On January 23, 2016, the Plaintiffs were at their home located in the City of Montgomery with their four year old daughter. At approximately 3:30 p.m. Plaintiff, Taylor Jernigan (herein referred to as Taylor) was taking a shower and Plaintiff, Amber Jernigan (hereby referred to as Amber) was in her living room when Officer Browning knocked on the front door of the Plaintiffs' residence. Amber proceeded to get Taylor and after he quickly dressed, he answered the front door. The Montgomery police officer Browning upon ascertaining the name of Taylor informed him that he was under arrest. He then handcuffed Taylor and place his hands behind his back. Taylor was told by Officer Browning that he and his wife Amber were under arrest on the charge of harassment. Taylor then asked if someone could come to the house to take control of their 4 year old child. Officer Browning allowed a grandparent to come to the house.

Officer Browning came into the home of the Plaintiffs with Taylor handcuffed and had him sit on the sofa. Plaintiff Amber was allowed to get herself and the minor child

dressed. They returned to the living room and after the great grandfather arrived, Amber and Taylor were taken outside, handcuffed, and placed in the City of Montgomery police vehicle which was located in a neighbor's yard. All of the above occurred in the presence of the Plaintiffs' four year old child.

Taylor and Amber both remained with their hands handcuffed behind their backs. Taylor for one hour and Amber for thirty minutes. During this time, various neighbors, friends, and business associates observed the Plaintiffs while they were in the Montgomery police vehicle. The police car was not parked in front of their home, but in front of their neighbor's home. Once in the vehicle the officer called dispatch. Officer Browning told the Plaintiffs he had to verify that there was an actual warrant for each of them. He said that was the way the system worked. Their names and driver's license photos were on his screen, but he said they had to call the back desk and locate the paper warrants. He also said there was a question on one of the Plaintiffs. The Plaintiffs sat, handcuffed in the back of a police car in front of their neighbors, their children and their clients as Officer Browning checked that they were actually supposed to be in custody. After approximately 30 minutes he received a radio call saying there were no warrants for either of them and there was a summons for Taylor. He said he was sorry as he unshackled their hands, again in front of their neighbors and clients. No paperwork was ever given or shown; in fact the officer was completely empty handed the entire time.

9. Plaintiffs suffered damages as a proximate result of these violations that were caused by a governmental policy and/or custom and/or a failure to adequately train

caused by a deliberate indifference to the Plaintiffs' rights and/or by a deliberate indifference to these violations. The City of Montgomery failed to properly train its supervisory police officers. Additionally, the City of Montgomery failed to properly train its police officers in the procedures to be used in arresting individuals. The City of Montgomery maintains a policy or custom failing to adequately train its officers. The City of Montgomery maintains a policy or custom of allowing officers to operate without adequate training or supervision. Such policies, customs and failures by the City of Montgomery amounts to violations of 42 U.S.C. § 1983.

10. At the time of the Plaintiffs' arrest, there was no arrest warrant and no basis in law or fact for the officer to arrest either Plaintiff. Throughout this event, the Officer Browning was in uniform and acting on behalf of the City of Montgomery.

11. Because of the Defendant's unlawful employment practices, policies and/or customs of the City of Montgomery, the Plaintiffs have been caused to file the above styled complaint.

### COUNT I – OUTRAGE, FALSE IMPRISONMENT, FALSE ARREST

12. The Plaintiffs incorporates by reference, as if fully set out herein, paragraphs 1 through 9 above.

13. The actions of the Defendants were extreme, outrageous, and beyond all possible bounds of decency so as to cause extreme physical, emotional distress.

14. Plaintiffs suffered damages as a proximate result of these violations that were caused by a governmental policy and/or custom and/or a failure to adequately train

caused by a deliberate indifference to the Plaintiffs' rights and/or by a deliberate indifference to these violations. The City of Montgomery failed to properly train its supervisory police officers. Additionally, the City of Montgomery failed to properly train its police officers in the procedures to be used in arresting individuals. The City of Montgomery maintains a policy or custom of failing to adequately train its officers. The City of Montgomery maintains a policy or custom of allowing its officers to arrest without warrants. The City of Montgomery maintains a policy or custom of allowing officers to operate without adequate training or supervision. Such policies, customs and failures by the City of Birmingham amounts to violations of 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment in both compensatory and punitive damages against each Defendant, jointly and severally, in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) together with interest and the costs of this proceeding.

## COUNT II – DELIBERATE INDIFFERENCE

15. The Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 12 above.

16. This cause of action arises under the authority vested in the Court by virtue of 42 U.S.C. § 1983.

17. The City of Montgomery, Alabama, is a municipal corporation existing by virtue of the laws of the State of Alabama, and as a body corporate subject to suit in this court.

18. Under federal law, the Plaintiffs were protected by the United States Constitution from deliberate indifferences to their safety by the agents and/or employees of the City of Montgomery charged with said duties.

19. Because of the wanton and intentional character of the actions of each individual Defendant, the Plaintiffs are entitled to punitive damages under federal law from each individually named defendant.

20. Plaintiffs suffered damages as a proximate result of these violations that were caused by a governmental policy and/or custom and/or a failure to adequately train caused by a deliberate indifference to the Plaintiffs' rights and/or by a deliberate indifference to these violations. The City of Montgomery failed to properly train its supervisory police officers. Additionally, the City of Montgomery failed to properly train its police officers in the procedures to be used in arresting individuals. The City of Montgomery maintains a policy or custom of failing to adequately train its officers. The City of Montgomery maintains a policy or custom of allowing its officers to use excessive force. The City of Montgomery maintains a policy or custom of allowing officers to operate without adequate training or supervision. Such policies, customs and failures by the City of Montgomery amounts to violations of 42 U.S.C. § 1983.

21. The actions and inactions of each individually named Defendant in their individual and official capacities, constitute such deliberate indifference to the Plaintiffs, they were deprived of their rights, as protected by the Fourth and Fourteenth Amendments of the United States Constitution.

The force utilized by the Defendant was negligent/excessive and thus constituted unreasonable seizure of Plaintiffs in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

The Defendant's action constituted an unlawful deprivation of the Plaintiffs liberty without due process in violation of the Fourteenth Amendment to the U.S. Constitution.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against each Defendant in both compensatory and punitive damages, costs and attorney fees and award all other proper relief, jointly and severally, for the pain, humiliation, and suffering they endured in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

Respectfully submitted,

Gregory O. Wiggins
Attorney for Plaintiffs
301-19th Street North
Birmingham, AL 35203

Roger C. Appell
Attorney for Plaintiffs
301-19th Street North
Birmingham, AL 35203
(205) 252-9462

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Roger C. Appell

**Defendant's Address**
City of Montgomery
Montgomery City Hall
103 N. Perry Street
Montgomery, AL 36104

Officer Jeremy Browning
320 N. Ripley Street
Montgomery, AL 36204